FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA 2009 AUG 19 · P 3: 31
ALEXANDRIA DIVISION

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

-------------------------------------------------------------------- x

SIGRAM SCHINDLER
BETEILIGUNGSGESELLSCHAFT MBH,
a German Corporation
Ernst-Reuter-Platz 8
10587 Berlin, Germany

                          Plaintiff,

                   - v -

DAVID J. KAPPOS, in his official capacity as Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office
600 Dulany Street
Alexandria, VA 22314

UNITED STATES PATENT AND TRADEMARK
OFFICE
600 Dulany Street
Alexandria, VA 22314

                        Defendants.

**COMPLAINT**

1: 09 cv 935
TSE/IDD

-------------------------------------------------------------------- x

      Plaintiff Sigram Schindler Beteiligungsgesellschaft mbH, by its attorneys, for its Complaint in this action alleges:

      1.     Plaintiff Sigram Schindler Beteiligungsgesellschaft mbH ("SSBG") is a corporation organized and existing under the laws of Germany, having its principal place of business in Berlin, Germany.

      2.     On information and belief, defendant David J. Kappos (the "Director") is Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.

3.      On information and belief, defendant United States Patent and Trademark Office ("PTO") is an agency of the United States, within the Department of Commerce.

4.      This action arises under the Patent Act of 1952, as amended, 35 U.S.C. §§ 1-376.

5.      The Court has subject matter jurisdiction to hear this action under 28 U.S.C. § 1331 and 5 U.S.C. § 706.

## CLAIM FOR RELIEF

6.      SSBG is the owner of U.S. Patent No. 6,954,453 B1 issued October 11, 2005 (the "Schindler '453 Patent") for an invention entitled "Method for Transmitting Data in a Telecommunications Network and Switch for Implementing Said Method."

7.      The Schindler '453 Patent is currently the subject of an *ex parte* reexamination proceeding, Control No. 90/010,017 (the "Cisco Reexamination Proceeding"), filed on or about August 30, 2007, by non-party Cisco Systems, Inc. ("Cisco") under Chapter 30 of the Patent Act, 35 U.S.C. §§ 301-307.

8.      On or about August 6, 2008, defendant PTO issued a final rejection (the "Final Rejection") of claims 34-36 and 38 of the Schindler '453 Patent (the "Asserted Claims"), on the basis that the Asserted Claims recite subject matter that purportedly "would have been obvious at the time the invention was made to a person having ordnary skill in the art." 35 U.S.C. § 103(a).

9.      SSBG's precedessor-in-title, TELES AG Informationstechnologian ("TELES"), has lodged an administrative appeal to the Board of Patent Appeals and Interferences of the PTO (the "BPAI") pursuant to 35 U.S.C. § 134; however, SSBG has no assurance that defendants will reverse themselves and rescind the Final Rejection of the Asserted Claims.

10.     As is set forth in the Brief for Appellant (Corrected) to the Board of Patent Appeals and Interferences in Control No. 90/010,017 annexed to this Complaint as Exhibit 1 (the "TELES Brief"), SSBG and its precedessor-in-title, TELES, contend that commercial activity of Cisco, including the commercial success of Cisco products embodying the invention(s) defined

by the Asserted Claims, tends to show that the Asserted Claims recite "nonobvious subject matter" within the meaning of 35 U.S.C. § 103.

11.    As is also set forth in the TELES Brief, the defendants have denied and disputed facts that are relevant to the validity of the Asserted Claims, including the existence of "nexus" between the subject matter of the Asserted Claims and the commercial success of certain Cisco products that are believed to embody the invention defined by the Asserted Claims.

12.    Under the statutes and rules that govern the conduct of *ex parte* reexamination proceedings in the PTO, SSBG and its precedessor-in-title, TELES, did not and do not have any access to subpoenas under 35 U.S.C. § 24 or any other coercive discovery mechanism by which non-public information relevant to the validity of the Asserted Claims, such as software utilized to configure third-party switching apparatus believed to embody the claimed invention(s), can be discovered and presented to the PTO.

13.    35 U.S.C. § 306 provides: "The patent owner involved in a reexamination proceeding under this chapter may appeal under the provisions of Section 134 of this title, and may seek court review under the provisions of Sections 141-145 of this title, with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent."

14.    Sections 141-145 of Title 35, United States Code, provide two alternative forms of "court review." 35 U.S.C. § 141 provides that a dissatisfied patent applicant may "appeal" from from an adverse PTO decision to the Court of Appeals for the Federal Circuit. In an "appeal" taken under 35 U.S.C. § 141, the appellate court reviews the decision from which the appeal is taken "on the record before the Patent and Trademark Office." 35 U.S.C. § 144.

15.    35 U.S.C. § 145, by contrast, provides that a dissatisfied patent applicant "may have remedy by civil action against the Director in the United States District Court for the District of Columbia." In contrast with the position of an appellant in an "appeal" taken under 35 U.S.C. § 141, the plaintiff in a "civil action" brought under 35 U.S.C. § 145 is not limited to the

record that was made before the PTO, but may seek discovery and introduce new evidence in support of any issue that was raised before the PTO. When, in a civil action brought under 35 U.S.C. § 145, new evidence is introduced on an issue that was raised before the PTO, a district court must decide the issue *de novo*.

16.    Prior to February 5, 2001, defendant PTO did not have or maintain any rule that purported to cut off the right of a patent owner to seek district court review of BPAI decisions under the provisions of 35 U.S.C. §§ 306 and 145. To the contrary, prior to February 5, 2001, the rules of defendant PTO acknowledged that a patent owner in an *ex parte* reexamination proceeding, like a patent applicant in an initial examination proceeding, had the statutory choice (i) to "appeal" an adverse BPAI decision to an appellate court under 35 U.S.C. § 141, or (ii) to have remedy by "civil action" under 35 U.S.C. § 145.

17.    On or about February 5, 2001, defendant PTO amended 37 C.F.R. § 1.303(a) to provide in part: "(a) Any applicant, or any owner of a patent involved in an *ex parte* reexamination proceeding *filed before November 29, 1999*, dissatisfied with the decision of the Board of Patent Appeals and Interferences . . . may, instead of appealing to the U.S. Court of Appeals for the Federal Circuit (§ 1.301), have remedy by civil action under 35 U.S.C. 145. . . ." (Emphasis added.)

18.    On or about February 5, 2001, defendant PTO adopted 37 C.F.R. § 1.303(d) which provides in part: "For an *ex parte* reexamination proceeding filed on or after November 29, 1999, . . . no remedy by civil action under 35 U.S.C. 145 is available.

19.    In a Federal Register notice dated April 6, 2000, defendant PTO asserted that its 2001 amendments to 37 C.F.R. § 1.303 were purportedly "necessitated by the conforming amendments to 35 U.S.C. § 141" that were made in 1999. In fact, the 1999 amendments to 35 U.S.C. § 141, which were part of the American Inventors Protection Act of 1999 ("AIPA"), implemented then newly-enacted Chapter 31 of the Patent Act (Optional Inter Partes Reexamina-

4

tion Procedures). The AIPA left Chapter 30 of the Patent Act, including 35 U.S.C. § 306, intact and unamended.

20.     On their face, the provisions of 37 C.F.R. §§ 1.303(a) and (d) purport to subject SSBG to an illegal reexamination process that abrogates specific statutory rights of SSBG, namely, SSBG's right to have remedy by civil action under 35 U.S.C. §§ 306 and 145 with respect to any final decision adverse to the validity of the Asserted Claims in the Cisco Reexamination Proceeding.

21.     On their face, the provisions of 37 C.F.R. §§ 1.303(a) and (d) purport to cut off SSBG's access to evidence relevant to the validity of the Asserted Claims, namely, evidence that the Federal Rules of Civil Procedure make available to a plaintiff in a civil action commenced under 35 U.S.C. §§ 306 and 145.

22.     On their face, the provisions of 37 C.F.R. §§ 1.303(a) and (d) constitute a purported barrier to district court review under 35 U.S.C. §§ 306 and 145 that makes it more difficult for SSBG to defend its rights under the Schindler '453 Patent and threatens SSBG with irreparable harm and total forfeiture of rights to seek court review in the Cisco Reexamination Proceeding.

23.     Under 35 U.S.C. § 142 and 37 C.F.R. § 1.304, SSBG has just sixty (60) days in which to take an "appeal" to the Federal Circuit from any adverse final agency action in the Cisco Reexamination Proceeding.  In the event of any such adverse final agency action, SSBG's time to take an "appeal" to the Federal Circuit would inevitably expire before trial and appellate courts could finally determine the validity of 37 C.F.R. §§ 1.303(a) and (d) in the context of a district court review action under 35 U.S.C. §§ 306 and 145.  A decision upholding the validity of 37 C.F.R. §§ 1.303(a) and (d) in such a scenario would expose SSBG to forfeiture and irreparable loss of *all* judicial review rights under 35 U.S.C. § 306.

24.     On the other hand, if SSBG were to attempt to file a protective notice of appeal from an adverse BPAI decision under 35 U.S.C. § 141, such a filing could be deemed an auto-

5

matic waiver of district court review rights under 35 U.S.C. §§ 306 and 145. 35 U.S.C. § 141 provides in part: "By filing such an appeal the applicant waives his or her right to proceed under section 145 of this title." SSBG thus could not attempt to meet the 60-day time limit of 35 U.S.C. § 142 and 37 C.F.R. § 1.304 without risking forfeiture and irreparable loss of all district court review rights under 35 U.S.C. §§ 306 and 145.

25. The existence of 37 C.F.R. §§ 1.303(a) and (d) constitutes a present invasion of SSBG's rights under 35 U.S.C. §§ 145 and 306 and the Schindler '453 Patent.

26. The existence of 37 C.F.R. §§ 1.303(a) and (d) impairs, undermines, and threatens SSBG's ability to preserve and defend its legal and economic rights under the Schindler '453 Patent.

27. The existence of 37 C.F.R. §§ 1.303(a) and (d) tends to diminish the value of the Schindler '453 Patent.

28. The existence of the 37 C.F.R. §§ 1.303(a) and (d) tends to impair SSBG's ability to enforce or license the Schindler '453 Patent.

29. Insofar as the provisions of 37 C.F.R. §§ 1.303(a) and (d) purport to preclude invocation of 35 U.S.C. § 145 or district court review of final decisions in *ex parte* reexamination proceedings commenced on or after November 29, 1999, those rules are unlawful and should be set aside as conflicting with the express terms of at least 35 U.S.C. § 306.

30. Insofar as the provisions of 37 C.F.R. §§ 1.303(a) and (d) purport to preclude invocation of 35 U.S.C. § 145 or district court review of final decisions in *ex parte* reexamination proceedings commenced on or after November 29, 1999, those rules are unlawful and should be set aside as having been adopted in excess of the PTO's statutory authority under 35 U.S.C. § 2.

WHEREFORE, SSBG prays that the Court:

(i) declare, adjudge, and decree that 37 C.F.R. §§ 1.303(a) and (d) are unlawful and legally void, insofar as those rules purport to preclude invocation of 35 U.S.C. § 145

or district court review of final BPAI decisions in *ex parte* reexamination proceedings commenced on or after November 29, 1999;

(ii)  issue preliminary and permanent injunctions against defendants' enforcement or maintenance of 37 C.F.R. §§ 1.303(a) and (d), insofar as those rules purport to preclude invocation of 35 U.S.C. § 145 or district court review of final BPAI decisions in *ex parte* reexamination proceedings commenced on or after November 29, 1999;

(iii)  set aside 37 C.F.R. §§ 1.303(a) and (d) on the ground that those rules are not in accordance with law;

(iv)  set aside 37 C.F.R. §§ 1.303(a) and (d) on the ground that those rules were adopted in excess of the PTO's statutory authority; and

(v)  award such other and further relief as the Court may deem just and proper.

Dated:      August 19, 2009

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

By_____
James W. Dabney
Stephen S. Rabinowitz
Tommy P. Beaudreau (VA Bar # 41272)
John F. Duffy

1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C.  20004-2505
(202) 639-7000

Attorneys for Plaintiff

7345319

7