IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
------------------------------------------------------------------- x
                                              )
SIGRAM SCHINDLER  BETEILIGUNGSGESELL-         )
SCHAFT MBH,                                   )
                                              )
                          Plaintiff,          )         No. 1:09-cv-935-TSE-IDD
                                              )
              - v -                           )
                                              )
DAVID J. KAPPOS and UNITED STATES PATENT      )
AND TRADEMARK OFFICE.                         )
                                              )
                          Defendants.         )
                                              )
------------------------------------------------------------------- x
```

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
1001 Pennsylvania Avenue, N.W.,
Suite 800
Washington, D.C.  20004-2505
(202) 639-7000

Attorneys for Plaintiff

James W. Dabney
Stephen S. Rabinowitz
Tommy P. Beaudreau (VA Bar # 41272)
John F. Duffy

    Of Counsel

September 25, 2009

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF UNDISPUTED FACTS .......................................................................... 1

STATUTORY AND REGULATORY FRAMEWORK ........................................................ 3

ARGUMENT ........................................................................................................................ 6

    I.  THE CHALLENGED RULES WERE ISSUED IN EXCESS OF THE
        PTO'S STATUTORY AUTHORITY. ................................................................ 6

    II. THE CHALLENGED RULES STAND IN CLEAR CONFLICT WITH
        35 U.S.C. § 306 ................................................................................................... 9

CONCLUSION .................................................................................................................... 16

# TABLE OF AUTHORITIES

Page

**CASES**

*Adams Fruit Company v. Barrett,*
    494 U.S. 638 (1990) ........................................................................................7

*Baber v. Hospital Corporation of America,*
    977 F.2d 872 (4th Cir. 1992) ........................................................................6

*Cooper Technologies Company v. Dudas,*
    536 F.3d 1330 (Fed. Cir. 2008) ................................................................6, 8

*Dickinson v. Zurko,*
    527 U.S. 150 (1999) ..........................................................................3, 4, 6, 11

*Dome Patent, L.P. v. Doll,*
    No. 07-1695, slip op. (D.D.C. Mar. 30, 2009) ..........................................11

*Fabil Manufacturing Company v. United States,*
    237 F.3d 1335 (Fed. Cir. 2001) ....................................................................8

*Fregeau v. Mossinghoff,*
    776 F.2d 1034 (Fed. Cir. 1985) ....................................................................4

*Gould v. Quigg,*
    822 F.2d 1074 (Fed. Cir. 1987) ....................................................................4

*Joy Technologies, Inc. v. Manbeck,*
    751 F. Supp. 225 (D.D.C. 1990), *aff'd*, 959 F.2d 226 (Fed. Cir. 1992) ..............................11

*Merck & Co. v. Kessler,*
    80 F.3d 1543 (Fed. Cir. 1996) ......................................................................6

**STATUTES**

5 U.S.C. § 702 ..................................................................................................6

5 U.S.C. § 706(2)(A) ................................................................................6, 13, 16

5 U.S.C. § 706(2)(C) ..........................................................................................6, 8

28 U.S.C. § 1295(a)(4)(A) ................................................................................15

35 U.S.C. § 2(b)(2) ........................................................................................6, 7, 8

35 U.S.C. § 24 ..................................................................................................3

35 U.S.C. § 103 ......................................................................................................2

35 U.S.C. § 134 (1982) .........................................................................................10

35 U.S.C. § 134 (1988) .........................................................................................10

35 U.S.C. § 134 (2000) .........................................................................................15

35 U.S.C. § 141 ......................................................................................................5

35 U.S.C. § 141 (2000) .........................................................................................15

35 U.S.C. § 142 ................................................................................................5, 11

35 U.S.C. § 143 ....................................................................................................11

35 U.S.C. § 144 ................................................................................................3, 11

35 U.S.C. § 145 ................................................................................................3, 11

35 U.S.C. § 301 ......................................................................................................9

35 U.S.C. § 302 ......................................................................................................9

35 U.S.C. § 303(a) ..................................................................................................9

35 U.S.C. § 304 ......................................................................................................9

35 U.S.C. § 305 ......................................................................................................9

35 U.S.C. § 306 ............................................................................................. passim

35 U.S.C. § 315 ....................................................................................................12

35 U.S.C. § 315 (2000) .........................................................................................15

35 U.S.C. ch. 30 (1982) ..........................................................................................9

35 U.S.C. ch. 30 (2000) ..........................................................................................9

Act of Dec. 12, 1980, Pub. L. No. 96-517,
    94 Stat 3015 .......................................................................................................9

Patent Law Amendments Act of 1984, Pub. L. No. 98-622,
    98 Stat. 3383 ......................................................................................................9

American Inventors Protection Act of 1999, Pub. L. No. 106-113,
    113 Stat. 1501 .......................................................................................10, 11, 14

Patent and Trademark Authorization Act of 2002, Pub. L. No. 107-273,
116 Stat. 1758 ................................................................................................10, 11

## OTHER AUTHORITIES

37 C.F.R. § 1.303(a)................................................................................................4, 6, 7

37 C.F.R. § 1.303(d) ..................................................................................................4, 6

37 C.F.R. § 1.304 ...........................................................................................................5

145 Cong. Rec. 29960.............................................................................................. 14-15

Fed. R. Civ. P. 56(c) .......................................................................................................6

Rules To Implement Optional Inter Partes Reexamination Proceedings,
65 Fed. Reg. 18,154 (Apr. 6, 2000) .........................................................................4

H.R. 1732, 104th Cong. (1995)....................................................................................13

H.R. 3460, 104th Cong. (as reported by H. Comm. on the Judiciary, Sept. 12, 1996) ................13

H.R. 400, 105th Cong. (as reported by S. Comm. on the Judiciary, Mar. 23, 1998) ...................13

H.R. 400, 105th Cong. (as reported by H. Comm. on the Judiciary, Mar. 20, 1997)...................13

H.R. Rep. No. 104-784 (1996)......................................................................................14

S. 2341, 103d Cong. (as passed by the Senate, Oct. 4, 1994)..................................13, 14

S. 1070, 104th Cong. (1995)........................................................................................13

S. 1961, 104th Cong. (1996)........................................................................................13

S. 507, 105th Cong. (as reported by the S. Comm. on the Judiciary, May 23, 1997) ..................13

S. 1226, 105th Cong. (1997)........................................................................................13

S. 1948, 106th Cong. (1999)........................................................................................14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

------------------------------------------------------------------- x

SIGRAM SCHINDLER  BETEILIGUNGSGESELL-
SCHAFT MBH,

                       Plaintiff,                       No. 1:09-cv-935-TSE-IDD

                    - v -

DAVID J. KAPPOS and UNITED STATES PATENT
AND TRADEMARK OFFICE.

                    Defendants.

------------------------------------------------------------------- x

     Sigram Schindler Beteiligungsgesellschaft mbH ("SSBG") respectfully moves this Court, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, for an Order:

     (i) granting summary judgment in favor of SSBG and against defendants David J. Kappos and United States Patent and Trademark Office (collectively, the "PTO") on SSBG's claim for relief under 5 U.S.C. § 702;

     (ii) declaring that the PTO acted unlawfully, and in excess of its statutory authority, in adopting 35 U.S.C. §§ 1.303(a) and (d);

     (iii) declaring that SSBG, as a patent owner involved in a reexamination proceeding commenced under Chapter 30 of the Patent Act, 35 U.S.C. §§ 301-307, has a right to court re-view under the provisions of 35 U.S.C. §§ 306 and 145; and

     (iv) permanently enjoining and restraining defendants from enforcing or maintaining 37 C.F.R. §§ 1.303(a) and (d), insofar as those rules purport to impair, negate, or abrogate SSBG's rights to court review under the provisions of 35 U.S.C. §§ 306 and 145.

## STATEMENT OF UNDISPUTED FACTS

     1.      SSBG is a corporation organized and existing under the laws of Germany, having its principal place of business in Berlin, Germany.

2.      Defendant David J. Kappos is Undersecretary of Commerce for Intellectual Property and Director of the PTO.

3.      Defendant United States Patent and Trademark Office is an agency of the United States.

4.      SSBG is the owner of U.S. Patent No. 6,954,453 B1 issued October 11, 2005 (the "Schindler '453 Patent") for an invention entitled "Method for Transmitting Data in a Telecommunications Network and Switch for Implementing Said Method."

5.      The Schindler '453 Patent is currently the subject of an *ex parte* reexamination proceeding, Control No. 90/010,017 (the "Cisco Reexamination Proceeding"), filed on or about August 30, 2007, by non-party Cisco Systems, Inc. ("Cisco") under Chapter 30 of the Patent Act, 35 U.S.C. §§ 301-307.

6.      On or about August 6, 2008, defendant PTO issued a final rejection (the "Final Rejection") of claims 34-36 and 38 of the Schindler '453 Patent (the "Asserted Claims"), on the basis that the Asserted Claims recite subject matter that purportedly "would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a).

7.      SSBG's precedessor-in-title, TELES AG Informationstechnologien ("TELES"), has lodged an administrative appeal to the Board of Patent Appeals and Interferences ("BPAI") pursuant to 35 U.S.C. § 134; however, SSBG has no assurance that the BPAI will reverse the Final Rejection and confirm the Asserted Claims.

8.      As is set forth in the Brief for Appellant (Corrected) to the Board of Patent Appeals and Interferences in Control No. 90/010,017 annexed to SSBG's Complaint as Exhibit 1 (the "TELES Brief"), SSBG and its precedessor-in-title, TELES, contend that commercial activity of Cisco, including the commercial success of Cisco products embodying the invention(s) defined by the Asserted Claims, tends to show that the Asserted Claims recite "non-obvious subject matter" within the meaning of 35 U.S.C. § 103.

9.      As is also set forth in the TELES Brief, the defendants have denied and disputed facts that are relevant to the validity of the Asserted Claims, including the existence of a "nexus"

2

between the subject matter of the Asserted Claims and the commercial success of certain Cisco products that are believed to embody the invention(s) defined by the Asserted Claims.

10.     Under the statutes and rules that govern the conduct of *ex parte* reexamination proceedings in the PTO, SSBG and its precedessor-in-title, TELES, do not have access to sub-poenas under 35 U.S.C. § 24 or any other coercive discovery mechanism by which non-public information relevant to the validity of the Asserted Claims, such as software utilized to configure third-party switching apparatus believed to embody the claimed invention(s), can be discovered and presented to the PTO.

## STATUTORY AND REGULATORY FRAMEWORK

11.     35 U.S.C. § 306 provides:  "The patent owner involved in a reexamination pro-ceeding under this chapter may appeal under the provisions of Section 134 of this title, and may seek court review under the provisions of Sections 141-145 of this title, with respect to any deci-sion adverse to the patentability of any original or proposed amended or new claim of the pa-tent."

12.     Sections 141-145 of Title 35, United States Code, provide two alternative forms of "court review."  Under 35 U.S.C. §§ 306 and 141-144, a patent owner may seek court review by taking an "appeal" to the Court of Appeals for the Federal Circuit.  In an "appeal" taken under 35 U.S.C. §§ 306 and 141-144, the appellate court reviews the decision from which the appeal is taken "on the record before the Patent and Trademark Office."  35 U.S.C. § 144.

13.     By contrast, under 35 U.S.C. §§ 306 and 145, a patent owner may seek court re-view by commencing a civil action against the Director of the PTO in the United States District Court for the District of Columbia.  *See*, *e.g.*, *Joy Techs, Inc. v. Manbeck*, 751 F. Supp. 225 (D.D.C. 1990), *aff'd*, 959 F.2d 226 (Fed. Cir. 1992).  The plaintiff in a "civil action" brought un-der 35 U.S.C. §§ 306 and 145 is not limited to the record that was made before the PTO, but may seek third-party discovery and "present to the court evidence that the applicant did not present to the PTO."  *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999).  "The presence of such new or differ-

3

ent evidence makes a factfinder of the district judge." *Id.* *See also Gould v. Quigg*, 822 F.2d 1074, 1077 (Fed. Cir. 1987) ("if new evidence is presented on a disputed issue of fact, a *de novo* fact finding is made by the district court"); *Fregeau v. Mossinghoff*, 776 F.2d 1034, 1038 (Fed. Cir. 1985) (same).

14.    Prior to February 5, 2001, defendant PTO did not have or maintain any rule that purported to cut off the right of a patent owner to seek district court review of BPAI decisions under the provisions of 35 U.S.C. §§ 306 and 145.  To the contrary, prior to February 5, 2001, the rules of defendant PTO acknowledged that a patent owner in an ex parte reexamination proceeding, like a patent applicant in an initial examination proceeding, had the statutory choice (i) to "appeal" an adverse BPAI decision to an appellate court under 35 U.S.C. §§ 306 and 141-144, or (ii) to have remedy by "civil action" under 35 U.S.C. §§ 306 and 145.

15.    On or about February 5, 2001, defendant PTO amended 37 C.F.R. § 1.303(a) to provide in part:  "(a) Any applicant, or any owner of a patent involved in an *ex parte* reexamination proceeding *filed before November 29, 1999*, dissatisfied with the decision of the Board of Patent Appeals and Interferences . . . may, instead of appealing to the U.S. Court of Appeals for the Federal Circuit (§ 1.301), have remedy by civil action under 35 U.S.C. 145 . . . ." (emphasis added).

16.    On or about February 5, 2001, defendant PTO adopted 37 C.F.R. § 1.303(d) which provides in part:  "For an *ex parte* reexamination proceeding filed on or after November 29, 1999, . . . no remedy by civil action under 35 U.S.C. 145 is available."

17.    In a Federal Register notice dated April 6, 2000, defendant PTO asserted that its 2001 amendments to 37 C.F.R. § 1.303 were purportedly "necessitated by the conforming amendments to 35 U.S.C. § 141" that were made in 1999.  *See* Rules To Implement Optional Inter Partes Reexamination Proceedings, 65 Fed. Reg. 18,154, 18,166 (Apr. 6, 2000).  In fact, the 1999 Amendments to 35 U.S.C. § 141 were part of the American Inventors Protection Act of 1999 ("AIPA") and implemented then newly-enacted Chapter 31 of the Patent Act (Optional In-

ter Partes Reexamination Procedures).  The AIPA left Chapter 30 of the Patent Act, including 35 U.S.C. § 306, intact and unchanged.

18.     Under 35 U.S.C. §§ 306 and 142 and 37 C.F.R. § 1.304, SSBG has just sixty (60) days in which to take an "appeal" to the Federal Circuit from any adverse final agency action in the Cisco Reexamination Proceeding.  In the event of any such adverse final agency action, SSBG's time to take an "appeal" to the Federal Circuit would inevitably expire before trial and appellate courts could finally determine the validity of the Challenged Rules in the context of a district court review action under 35 U.S.C. §§ 306 and 145.  A decision upholding the validity of the Challenged Rules in such a scenario would expose SSBG to forfeiture and irreparable loss of all judicial review rights under 35 U.S.C. § 306.

19.     On the other hand, if SSBG were to attempt to file a protective notice of appeal from an adverse BPAI decision under 35 U.S.C. §§ 306 and 141, such a filing could be deemed an automatic waiver of district court review rights under 35 U.S.C. §§ 306 and 145.  35 U.S.C. § 141 provides in part:  "By filing such an appeal the applicant waives his or her right to proceed under section 145 of this title."  SSBG thus could not attempt to meet the 60-day time limit of 35 U.S.C. § 142 and 37 C.F.R. § 1.304 without risking forfeiture and irreparable loss of all district court review rights under 35 U.S.C. §§ 306 and 145.

20.     The existence and defendants' maintenance of the Challenged Rules has caused and threatens injury to SSBG's business and property for which SSBG has no monetary or other adequate legal remedy.  *See* Declaration of Dr. –Ing Sigram Schindler, sworn to September 24, 2009, at ¶ 8.

21.     The Challenged Rules purport to subject SSBG to an illegal reexamination process that abrogates specific statutory rights of SSBG, namely, SSBG's right to have remedy by civil action under 35 U.S.C. §§ 306 and 145 with respect to any final decision adverse to the validity of the Asserted Claims in the Cisco Reexamination Proceeding

**ARGUMENT**

5 U.S.C. § 702 provides in part:  "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute, is entitled to judicial review thereof."  Defendant PTO is an "agency" within the meaning of this statute.  *Zurko*, 527 U.S. at 154.  Under 5 U.S.C. § 706, the court has authority to hold unlawful and set aside "agency action" that is "not in accordance with law," 5 U.S.C. § 706(2)(A), or is "in excess of statutory jurisdiction, authority, or limitations."  5 U.S.C. § 706(2)(C).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Here, the text of the Patent Act is not subject to genuine dispute; the text of the Challenged Rules is not subject to genuine dispute; and the issues for determination are questions of law that are fully amenable to summary judgment.  *See Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 876 (4th Cir. 1992) ("the interpretation of a statute is a question of law.").

**I.      THE CHALLENGED RULES WERE ISSUED IN EXCESS OF THE PTO'S STATUTORY AUTHORITY.**

Under 35 U.S.C. § 2(b)(2), the PTO has authority to "establish regulations, not inconsistent with law, which – (A) shall govern the conduct of proceedings in the Office . . . ."  This statute has long been construed as authorizing the PTO to establish only "procedural" rules that "govern the conduct of proceedings in the Office."  *Cooper Techs. Co. v. Dudas*, 536 F.3d 1330, 1335 (Fed. Cir. 2008) (quoting 35 U.S.C. § 2(b)(2)(A)).  The statute "does not authorize the Patent Office to issue 'substantive' rules."  *Id.* at 1336 (quoting *Merck & Co. v. Kessler*, 80 F.3d 1543, 1549-50 (Fed. Cir. 1996)).

The Challenged Rules at issue here are "substantive" in character and, furthermore, have nothing to do with the conduct of administrative proceedings "in the Office."  On their face, the Challenged Rules purport to prescribe and cut off substantive rights of patent owners under 35 U.S.C. § 306.  37 C.F.R. § 1.303(d) states that a patent owner in SSBG's position purportedly has "no remedy by civil action under 35 U.S.C. 145."  37 C.F.R. § 1.303(a) similarly states that a

6

"remedy by civil action under 35 U.S.C. 145" purportedly is available only in "an *ex parte* reex-amination proceeding filed on or before November 29, 1999."

The Challenged Rules furthermore do not concern proceedings "in" the PTO, but rather purport to regulate proceedings *outside of* the PTO, namely, civil actions in United States District Courts. By no stretch can the statutory language, "regulations . . . which . . . govern the conduct of proceedings in the Office," encompass rules that purport to cut off a patent owner's right to invoke the jurisdiction of a United States District Court and seek "court review" of a final PTO agency action under 35 U.S.C. § 306.

The content of the Challenged Rules contrasts sharply with PTO rules that do, in fact, "govern the conduct of proceedings in the Office." Title 37 of the Code of Federal Regulations sets forth "Rules of Practice in Patent Cases," nearly all of whose provisions relate to the conduct of *administrative* proceedings *in* the PTO. For example, 37 C.F.R. § 1.51 prescribes the general requisites of a patent application filed with the PTO; 37 C.F.R. § 1.56 prescribes a duty to dis-close information material to patentability to the PTO; 37 C.F.R. § 1.121 prescribes the manner of making amendments to patent applications in the PTO; 37 C.F.R. § 1.132 prescribes proce-dures for affidavits traversing rejections or objections to patent applications in the PTO; 37 C.F.R. §§ 1.501-1.570 prescribe procedures for *ex parte* reexamination of patents by the PTO; 37 C.F.R. §§ 41.30-41.54 prescribe procedures for certain appeals to the Board of Patent Appeals and Interferences; 37 C.F.R. §§ 41.100-41.158 prescribes procedures for the conduct of interfe-rence and other "contested cases" in the PTO; and so on.

Unlike the PTO rules cited above, the Challenged Rules are concerned with *judicial re-view* of PTO agency actions. The Challenged Rules purport to cut off a patent owner's right to seek "court review under the provisions of 35 U.S.C. sections 141 to <u>145</u>," 35 U.S.C. § 306 (em-phasis added), as if the statute had been amended to delete the reference to 35 U.S.C. § 145. Al-though an administrative agency's desire to expand its own power and limit judicial review is both natural and understandable, "it is fundamental that an agency may not bootstrap itself into an area in which it has no jurisdiction." *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 650 (1990)

(internal quotation omitted). *Cf. Fabil Mfg. Co. v. United States*, 237 F.3d 1335, 1341 (Fed. Cir. 2001) ("Customs cannot establish the burden of proof in judicial proceedings; that task is for the judiciary or the Congress").

In *Cooper Technologies*, the Federal Circuit upheld a PTO rule that interpreted the phrase "original application" for purposes of *inter partes* reexamination proceedings in the PTO, because "that interpretation both governs the conduct of proceedings in the Patent Office, not matters of substantive patent law, and is a prospective clarification of ambiguous statutory language." 536 F.3d at 1336. In sharp contrast, the Challenged Rules here do *not* concern "the conduct of proceedings in the Office," 35 U.S.C. § 2(b)(2)(A), but rather concern *judicial review* of PTO agency actions. Further, and again unlike the PTO rule that was at issue in *Cooper Technologies*, the Challenged Rules here purport to prescribe matters of substantive patent law, namely, whether a patent owner involved in an *ex parte* reexamination proceeding filed subsequent to November 29, 1999, has a right to seek "court review" under the provisions of 35 U.S.C. §§ 306 and 145. Finally, and again unlike the PTO rule that was at issue in *Cooper Technologies*, the Challenged Rules here do not purport merely to "interpret" an ambiguous word in a statute, but to prescribe a judicial review regime that flies in the face of the clear and unambiguous terms of 35 U.S.C. § 306.

35 U.S.C. § 2(b)(2)(A) does not remotely authorize the PTO to establish rules governing or limiting judicial review of whether the PTO has acted in disregard of law. Having been promulgated "in excess of statutory jurisdiction, authority, or limitations," 5 U.S.C. § 706(2)(C), the Challenged Rules are void. Summary judgment can be granted on this basis alone. As described in Part II, *infra*, summary judgment is also warranted on the basis that the Challenged Rules stand in blatant conflict with the express, clear, and unambiguous terms of 35 U.S.C. § 306.

## II.    THE CHALLENGED RULES STAND
##         IN CLEAR CONFLICT WITH 35 U.S.C. § 306.

35 U.S.C. § 306 is included in chapter 30 of the Patent Act, 35 U.S. C. § 301-307, which was enacted in 1980 by Pubic Law No. 96-517.  *See* Act of Dec. 12, 1980, Pub. L. No. 96-517, § 1, 94 Stat. 3015, 3015-17.  A copy of the Act of Dec. 12, 1980 is submitted as Exhibit 1 to the accompanying Declaration of James W. Dabney, sworn to September 25, 2009 ("Dabney Decl.").  Chapter 30 of the Patent Act was originally titled "PRIOR ART CITATIONS TO OF-FICE AND REEXAMINATION OF PATENTS."  35 U.S.C. ch. 30 (1982).  *See* Dabney Decl. ¶ 3 & Ex. 2.  Between 1980 and 1999, 35 U.S.C. §§ 301-307 prescribed the only form of "reex-amination" of patents in the United States.[1]

Under Chapter 30 of the Patent Act, "[a]ny person at any time may cite to the Office in writing prior art consisting of patents or printed publications" (35 U.S.C. § 301) and "may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited."  35 U.S.C. § 302.  The PTO will then "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a).  If the PTO determines that a "substantial new question of patentability" has been raised, "the determination will include an order for reexamination of the patent for resolu-tion of the question."  35 U.S.C. § 304.  "Reexamination" under Chapter 30 is conducted "ac-cording to the procedures established for initial examination under the provisions of sections 132 and 133 of this title [35 U.S.C. §§ 132-33]."  35 U.S.C. § 305.

35 U.S.C. § 306, as enacted in 1980 and as it exists today, provides in full:

---

[1] As described *infra*, Congress in 1999 added a new Chapter 31 to the Patent Act, titled "OP-TIONAL INTER PARTES REEXAMINATION PROCEDURES," 35 U.S.C. §§ 311-318.  Chapter 30 of the Patent Act was then re-titled "PRIOR ART CITATIONS TO OFFICE AND EX PARTE REEXAMINATION OF PATENTS."  35 U.S.C. ch. 30 (2000).  *See* Dabney Decl. ¶ 4 & Ex. 3.  Today, Chapter 30 of the Patent Act is commonly said to contain the "ex parte reexamination" provisions of the Patent Act.  For the Court's ease of reference, a chart showing the relevant texts of Chapters 30 and 31 of the Patent Act as they have existed from time to time, and related statutory administrative and judicial review provisions, is annexed to this Brief as Exhibit 1.

> The patent owner involved in a reexamination proceeding under this chapter may appeal under the provisions of section 134 of this title, and may seek court review under the provisions of sections 141 to 145 of this title, with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent.

On its face, the above-quoted statute confers on patent owners involved in reexamination proceedings the same rights to administrative and judicial review as are conferred on patent applicants in initial examination proceedings. Thus, if an Examiner in the PTO finally rejects a claim in reexamination, 35 U.S.C. § 306 entitles the adversely affected patent owner to "appeal under the provisions of section 134 of this title" to the BPAI.[2] Similarly, if the BPAI renders a final decision adverse to the patentability of a claim in reexamination, 35 U.S.C. § 306 entitles the adversely affected patent owner to "seek court review under the provisions of sections 141 to 145," referring to 35 U.S.C. §§ 141-145.

As noted above (see pp. 3-4, supra), 35 U.S.C. §§ 141-145 provide for two very distinct types of "court review" of PTO agency actions. 35 U.S.C. §§ 141-144 prescribe rights to take

---

[2] Between 1980 and 1984, 35 U.S.C. § 134 provided: "An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Appeals, having once paid the fee for such appeal." 35 U.S.C. § 134 (1982), *reprinted in* Exhibit 1 hereto at 3. *See* Dabney Decl. ¶ 5 & Ex. 4. In 1984, 35 U.S.C. § 134 was amended to substitute "Board of Patent Appeals and Interferences" for "Board of Appeals." *See* Patent Law Amendments Act of 1984, Pub. L. No. 98-622, § 204(b)(1), 98 Stat. 3383, 3388. *See also* Dabney Decl. ¶ 6 & Ex. 5. Thus, between 1984 and 1999, 35 U.S.C. § 134 provided: "An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Board of Patent Appeals and Interferences, having once paid the fee for such appeal." 35 U.S.C. § 134 (1988), *reprinted in* Exhibit 1 hereto at 9. *See* Dabney Decl. ¶ 7 & Ex. 6. In 1999, 35 U.S.C. § 134 was further amended, concurrently with the adoption of then-new Chapter 31 of the Patent Act, 35 U.S.C. §§ 311-318 (2000), to provide patent applicants, patent owners, and third-party requesters with the various administrative review rights that 35 U.S.C. § 315 then prescribed for parties to *inter partes* reexamination proceedings. *See* American Inventors Protection Act of 1999, Pub. L. No. 106-113, app. I, tit. IV, § 4605(b), 113 Stat. 1501, 1501A-570 to -571. *See also* Exhibit 1 hereto at 11-12; Dabney Decl. ¶ 8 & Ex. 7. 35 U.S.C. § 134 did not attain its current form until 2002, when it was amended to permit third-party requesters to appeal BPAI decisions in *inter partes* reexamination proceedings. *See* Patent and Trademark Authorization Act of 2002, Pub. L. No. 107-273, § 13106(b), 116 Stat. 1758, 1901. *See also* Exhibit 1 hereto at 13-14; Dabney Decl. ¶ 9 & Ex. 8.

an "appeal" to the Court of Appeals for the Federal Circuit. An "appeal" to the Federal Circuit is taken by filing a written notice of appeal with the PTO, 35 U.S.C. § 142, following which the PTO must "submit to the court in writing the grounds for the decision of the Patent and Trademark Office, addressing all the issues involved in the appeal." 35 U.S.C. § 143. An "appeal" to the Federal Circuit is decided "on the record before the Patent and Trademark Office." 35 U.S.C. § 144.[3]

35 U.S.C. § 145, in contrast, is headed "Civil action to obtain patent" and "permits the disappointed applicant to present to the court evidence that the applicant did not present to the PTO." *Dickinson*, 527 U.S. at 164. *See, e.g., Joy Techs.*, 751 F. Supp. 225 (bench trial held in civil action challenging BPAI decision in reexamination). In a civil action commenced under 35 U.S.C. §§ 306 and 145, a patent owner can obtain compelled discovery from third-parties having evidence relevant to patentability. "In fact, the availability of discovery under the Federal Rules of Civil Procedure is a significant incentive for parties challenging PTO action to file suit in United States district courts rather than in the Federal Circuit." *Dome Patent, L.P. v. Doll*, No. 07-1695, slip op. at 6 n.5 (D.D.C. Mar. 30, 2009). *See* Dabney Decl. ¶ 10 & Ex. 9.

Notwithstanding that 35 U.S.C. § 306 provides, clearly and unequivocally, that "[t]he patent owner involved in a reexamination proceeding under this chapter . . . may seek court review under the provisions of sections 141 to 145 of this title . . . ," the PTO has taken the position that the statute does not mean what it says. Far from implementing 35 U.S.C. § 306 as it is currently written, the Challenged Rules treat 35 U.S.C. § 306 as if it had been radically amended to read as stated in the box at right, below:

---

[3] As described *infra*, 35 U.S.C. § 141 was amended in 1999 as part of the package of amendments that accompanied then-new Chapter 31 of the Patent Act, 35 U.S.C. §§ 311-318 (2000) (*see* American Inventors Protection Act of 1999, Pub. L. No. 106-113, app. I, tit. IV, § 4605(c), 113 Stat. 1501, 1501A-571; Dabney Decl. ¶ 8 & Ex. 7) and was further amended to attain its current form in 2002. *See* Patent and Trademark Authorization Act of 2002, Pub. L. No. 107-273, § 13106(c), 116 Stat. 1758, 1901; Dabney Decl. ¶ 9 & Ex. 8. For a comparison of the text of Chapter 31 following the 1999 and 2002 Amendments, see Exhibit 1 hereto at 11-12 and 13-14.

| Actual § 306 | Mythic § 306 |
|---|---|
| The patent owner involved in a reexamination proceeding under this chapter . . . may seek court review under the provisions of sections 141 to 145 of this title, with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent. | The patent owner involved in a reexamination proceeding under this chapter *filed before November 29, 1999. . .* may seek court review under the provisions of sections 141-145 of this title . . . . *The patent owner involved in a reexamination proceeding filed under this chapter on or after November 29, 1999, may appeal under the provisions of sections 141 to 144 of this title but may not seek court review under the provisions of section 145 of this title.* |

Passing over that the PTO has no statutory authority to promulgate substantive rules that limit judicial review of PTO agency actions (*see* Part I, *supra*), the Challenged Rules are void for the further reason that they conflict with the clear and unambiguous terms of 35 U.S.C. § 306. The conflict can be readily seen by comparing (i) the judicial review provisions of Chapter 30 of the Patent Act, 35 U.S.C. § 306, which govern *ex parte* reexamination proceedings; and (ii) and the judicial review provisions of Chapter 31 of the Patent Act, 35 U.S.C. 315, which govern *inter partes* reexamination proceedings.

Whereas Chapter 30 of the Patent Act, in 35 U.S.C. § 306, provides that "[t]he patent owner involved in a reexamination proceeding *under this chapter* [Chapter 30] . . . may *seek court review* under the provisions of sections 141 to 145 of this title . . . " (*reprinted in* Exhibit 1 hereto at 13; emphasis added), the corresponding provision in Chapter 31 of the Patent Act, 35 U.S.C. § 315(a)(1), provides: "The patent owner involved in an inter partes reexamination *under this chapter* [Chapter 31] . . . may *appeal* under the provisions of sections 141 through 144 . . . ." (*reprinted in* Exhibit 1 hereto at 13; emphasis added).

35 U.S.C. § 306 entitles a patent owner to seek "court review" – a phrase that describes both appeals and civil actions in district court – whereas 35 U.S.C. § 315 entitles a patent owner to "appeal" only. 35 U.S.C. § 306 further authorizes a patent owner to seek "court review" under "sections 141 to 145 of this title" (emphasis added), whereas 35 U.S.C. § 315 authorizes a patent owner to "appeal" under "sections 141 through 144. . . ." (emphasis added). Here again,

12

35 U.S.C. § 306 expressly entitles a patent owner to invoke 35 U.S.C. § 145, whereas 35 U.S.C. § 315 does not.

The text of 35 U.S.C. § 315 shows that Congress well knows how to write a judicial review statute that provides for judicial review only by way of "appeal" to the Court of Appeals, and 35 U.S.C. § 306 is not such a statute. Given the plain terms of 35 U.S.C. § 306, resort to legislative history to ascertain its meaning is unnecessary; however, the legislative history of 35 U.S.C. §§ 306 and 315 strongly confirms and underscores that the Challenged Rules are "not in accordance with law" and should be "set aside." 5 U.S.C. § 706(2)(A).

The text of relevant provisions of Chapters 30 and 31 of the Patent Act, as those texts have existed over time, is reproduced in Exhibit 1 hereto. As noted above and as shown in Exhibit 1 hereto, Chapter 30 of the Patent Act was first enacted in 1980. In a series of bills introduced between 1994 and 1999, Congress considered amending Chapter 30 of the Patent Act so that it would provide for a single, *inter partes* reexamination regime in which judicial review would be limited to an "appeal" to the Federal Circuit. *See* S. 2341, 103d Cong. (as passed by the Senate, Oct. 4, 1994); H.R. 1732, 104th Cong. (1995); S. 1070, 104th Cong. (1995); H.R. 3460, 104th Cong. tit. V (as reported by H. Comm. on the Judiciary, Sept. 12, 1996); S. 1961, 104th Cong. tit. V (1996); H.R. 400, 105th Cong. tit. V (as reported by H. Comm. on the Judiciary, Mar. 20, 1997); H.R. 400, 105th Cong. tit. V (as reported by S. Comm. on the Judiciary, Mar. 23, 1998); S. 507, 105th Cong. tit. V (as reported by S. Comm. on the Judiciary, May 23, 1997); S. 1226, 105th Cong. tit. IV, subtit. E (1997). *See* Dabney Decl. ¶¶ 11-19 & Exs. 10-18.

These bills, if enacted, would have amended 35 U.S.C. § 306 so as to eliminate any right of a patent owner to seek court review under 35 U.S.C. § 145. For example, Senate Bill 2341 would have amended § 306 to read as follows:

> (a) The patent owner involved in a reexamination proceeding under this chapter may—(1) appeal under the provisions of section 134 of this title, and **may appeal under the provisions of sections 141 through 144 of this title**, with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent.

13

S. 2341, 103d Cong. § 3(e) (as passed by the Senate, Oct. 4, 1994) (emphasis added).  *See* Dabney Decl. ¶ 11 & Ex. 10.

The House Report on the Moorhead-Schroeder Patent Reform Act, House Bill 3460, proposed in the 104th Congress, whose language was similar to that of the above-quoted Senate Bill 2341, stated in part:

> Subsection 306(a) provides the patent owner with a right to be a party to any appeal taken by a third-party requester pursuant to subsection 306(b).  In addition, **subsection 306(a) is amended to remove the availability of review under 35 U.S.C. § 145, while maintaining the availability of review under 35 U.S.C. § 134 and 35 U.S.C. §§ 141-144.  By this amendment, patent owners dissatisfied with a decision of the Board of Patent Appeals and Interferences in a reexamination proceeding would no longer be permitted to file a civil action against the Commissioner in the U.S. District Court for the District of Columbia, but could continue to appeal such decision to the U.S. Court of Appeals for the Federal Circuit.**

H.R. Rep. No. 104-784, at 79 (1996) (emphasis added).  *See* Dabney Decl. ¶ 20 & Ex. 19.

In the end, however, Congress did not pass any of the above-identified bills and never amended the text of Chapter 30 of the Patent Act or its judicial review provision, 35 U.S.C. § 306.  Instead, in the AIPA of 1999, Congress amended the Patent Act by adding a wholly new, free-standing Chapter 31, codified in 35 U.S.C. § 311-318, which provided for *inter partes* reexamination as an *optional alternative* to the then-existing *ex parte* reexamination provisions, which continued in effect without change.  *See* American Inventors Protection Act of 1999, Pub. L. No. 106-113, app. I, tit. IV, § 4601-08, 113 Stat. 1501, 1501A-567 to -572; Dabney Decl. ¶ 8 & Ex. 7.  *See also* S. 1948, 106th Cong. tit. IV, § 4601-08 (1999); 145 Cong. Rec. 29960, 29972 (1999) (statement of Senator Lott) ("**Subtitle F leaves existing ex parte reexamination procedures in Chapter 30 of title 35 intact**, but establishes an inter partes reexamination procedure which third party requesters can use at their option.").  *See* Dabney Decl. ¶¶ 21-22 & Ex. 20-21.

Under the optional *inter partes* reexamination procedures that Congress enacted in 1999, a "third-party requester" was entitled to participate in reexamination proceedings in the PTO (*see*

35 U.S.C. § 315(b)(2) (2000), *reprinted in* Exhibit 1 hereto at 11-12), but was not entitled to appeal BPAI decisions to the Federal Circuit.  *See* 35 U.S.C. § 315(b) (2000), *reprinted in* Exhibit 1 hereto at 11-12.  *See also* Dabney Decl. ¶ 23 & Ex. 22.  Thus, in "conforming" amendments to Chapters 12 and 13 of the Patent Act, 35 U.S.C. § 134 was amended to provide that a "third-party requester" in an *inter partes* proceeding "may not appeal to the decision to the Board of Patent Appeals and Interferences" (35 U.S.C. § 134(c) (2000), *reprinted in* Exhibit 1 hereto at 11-12; *see* Dabney Decl. ¶ 24 & Ex. 23), and 35 U.S.C. § 141, headed "Appeal to Court of Appeals for the Federal Circuit," was amended to include a new second sentence that stated:  "A patent owner in any reexamination proceeding dissatisfied with the final decision of the Board of Patent Appeals and Interferences under section 134 may appeal the decision only to be the United States Court of Appeals for the Federal Circuit."  35 U.S.C. § 141 (2000), *reprinted in* Exhibit 1 hereto at 11.  *See* Dabney Decl. ¶ 25 & Ex. 24.

Insofar as SSBG can determine, the Challenged Rules purport to be based on the above-quoted second sentence of 35 U.S.C. § 141; however, and especially when viewed in historical context, it is clear that the second sentence of 35 U.S.C. § 141 has nothing to do with district court review under 35 U.S.C. § 306 and it certainly does not purport to amend or repeal 35 U.S.C. § 306.  As described above and as demonstrated in Exhibit 1 hereto, the second sentence of 35 U.S.C. § 141 was adopted in 1999 as a part of a package of amendments that implemented Chapter 31 of the Patent Act and left Chapter 30 of the Patent Act intact and unchanged.

35 U.S.C. § 141, as amended in 1999, makes clear the Federal Circuit has exclusive jurisdiction to hear *appeals* from BPAI decisions in reexamination proceedings, just as 28 U.S.C. § 1295(a)(4)(A) provides that the Federal Circuit has exclusive appellate jurisdiction over appeals from other types of BPAI decisions.  At issue in this case, however, is not the right of a patent owner to *appeal* a BPAI decision, but the right of a patent owner to commence a *civil action* against the PTO in District Court.  The plain language of 35 U.S.C. § 306 entitles SSBG to seek court review under 35 U.S.C. § 145, not merely to "appeal" under the provisions of 35 U.S.C. §§ 141-144.

In adopting and maintaining the Challenged Rules, the PTO has acted as if Congress substantially amended 35 U.S.C. § 306 in 1999, when in fact, the AIPA left Chapter 30 of the Patent Act unchanged.  The PTO's position is "not accordance with law," 5 U.S.C. § 706(2)(A), and should be set aside.

## CONCLUSION

For the reasons set forth above, SSBG's motion for summary judgment should be granted.

Dated:        September 25, 2009

                                                    FRIED, FRANK, HARRIS, SHRIVER
                                                    & JACOBSON LLP


                                                    By_____/s/ Tommy P. Beaudreau_____
                                                         James W. Dabney
                                                         Stephen S. Rabinowitz
                                                     Tommy P. Beaudreau (VA Bar # 41272)
                                                          John F. Duffy


                                                    1001 Pennsylvania Avenue, N.W.
                                                    Washington, D.C.  20004-2565
                                                    Telephone: (202) 639-7000
                                                    Facsimile: (202) 639-7003
                                                    Email: tommy.beaudreau@friedfrank.com

                                                    Attorneys for Plaintiff
                                                    Sigram Schindler Beteiligungsgesellschaft
                                                    mbH

7427216

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2009, I caused to be served one true and correct copy of the foregoing Motion for Summary Judgment, Memorandum in Support of Motion, Notice of Hearing, Declaration of Dr. –Ing Sigram Schindler & Declaration of James W. Dabney was served today on the following addresses, via Express Mail, postage prepaid:

David J. Kappos
Acting Director of the US Patent & Trademark Office
600 Dulany Street
Alexandria, Virginia 22301

United States Patent and Trademar Office
600 Dulany Street
Alexandria, Virginia 22301

Dated:  New York, NY
       September 25, 2009

_____
          Jeffrey J. Bednar

Fried, Frank Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
Email: bednaje@ffhsj.com

7454559